Seward, J.
(orally).
This case is submitted to the court upon a motion to dismiss as to three of the plaintiffs. The action is to contest a will. Katherine DeBow was one of the devisees mentioned in the will, and was living at the time the will was offered for probate, and *445 died subsequent to the admission of the will to probate, leaving Louis DeBow, William DeBow and Ernest DeBow — three of the plaintiffs; and they file a petition to contest the will.
This motion raises the question as to whether any person can file a petition to contest a will, unless he or she is interestsed in the will at the date of its being admitted to probate.
The status of the parties was fixed by the admission of the will to probate.
The court was inclined to look upon this motion, upon its presentation, as without much force. The court was cited to 5 N.P.(N.S.), 323 and 580. The court will simply read the syllabus of one of the eases, and leave counsel to get the reasoning of the judge, which seems to be conclusive to the court, that only parties who are interested in the will at the time that it is admitted -to probate may file a petition to contest the will. Section 12079 of the new code reads as follows:
“A person interested in a will or codicil admitted to probate in the probate court, or court of common pleas on appeal, may contest its validity by a civil action in the common pleas court of the county in which such probate was had. ’ ’
The case of Isabel Taylor, an infant, et al, v. Arthur Taylor et al, 5 N.P.(N.S.), 323, is almost on all fours with the case at bar. Judge Swing says:
“Under Section 5858, Revised Statutes (12079 of the new code), the right to contest a will after it has been admitted to probate is in those persons only who were interested in the will at the time of its probate, and this right does not pass to the heirs of one who was interested in the will at the time of its probate, and who died within two years thereafter without bringing such an action. ’ ’
There is another case to the same import decided by Judge Brodricb, at page 580, in this same volume:
“1. In a proceeding to contest a will, under the statutes of Ohio, only such parties as were interested in the will at the time of the probate thereof are proper parties plaintiff.
“2. If all the parties plaintiff die after an action is begun and before trial is had, the action can not be revived in the names of the heirs or devisees of such deceased plaintiffs.”
*446 Quite an interesting case is cited from the 180 Illinois, construing a statute very similar to ours, and the same holding is made there; and that case is followed.
This motion will be sustained and exceptions noted.